## WILCOX v. CRAWFORD. (No. 1221.)

(Court of Civil Appeals of Texas. El Paso. May 26, 1921.)

**1. Trial ⚖️390—Court may refuse to make and file findings and conclusions before entry of judgment, in view of statute.**

Since Vernon's Sayles' Ann. Civ. St. 1914, art. 2075, provides that the judge shall have 10 days after adjournment in which to prepare his findings of fact and conclusions of law, it is not error for the court to decline to make and file his findings before entry of judgment.

**2. Mines and minerals ⚖️74—Buyer of interest in lease under executory contract held entitled to recover amount paid as for failure of consideration.**

Where the buyer within the time provided for in his executory contract, for the purchase of an interest in an oil, gas, and mineral lease, approved the title and tendered the balance of the consideration and demanded a deed, but the seller was unable to perform, for the reason that his option contract to purchase from the record owner, which he assigned to the buyer, had expired. The buyer was entitled to recover the amount paid as for failure of consideration.

**3. Payment ⚖️73(4)—Evidence of payment of check held sufficient.**

Where plaintiff executed and delivered to defendant a check for $500, which was indorsed by defendant and marked "paid" by a bank, there was sufficient evidence to sustain a finding of payment of the $500.

**4. Mines and minerals ⚖️74—Where seller of interest in lease fails to perform, purchaser entitled to interest on an advance payment recovered.**

Where purchaser of an interest in oil, gas, and mineral lease recovered from the seller a sum paid in advance to the seller for the interest, which the seller could not convey, the purchaser was also entitled to interest on such sum from the date of its payment.

Appeal from Eastland County Court, at Law; R. L. Rust, Judge.

Action by Frank Crawford against J. T. Wilcox. Judgment for plaintiff and defendant appeals from the judgment, and from an order denying a new trial. Affirmed.

Harry D. Pratt, of Eastland, for appellant.
Carl P. Springer, of Eastland, for appellee.

PER CURIAM. Frank Crawford brought this suit against J. T. Wilcox to recover of him the sum of $500, alleged to have been paid by him to Wilcox as a part consideration for an oil, gas, and mineral interest in certain lands described, said interest alleged to be equal to five acres of royalty undivided in the lands described. The suit is based upon the following contract:

"The State of Texas, County of Eastland.

"J. T. Wilcox has agreed to sell and Frank Crawford has agreed to buy the oil, gas and other minerals subject to an oil and gas lease on same in favor of Caldwell Oil Co., as follows:

"Acreage: 5 full acres of royalty therein.

"Land: The S. ½ of Sec. 458, S. P. Ry. Co. the N. W. ¼ of Sec. 36, Block 4, H. & T. C. Ry. Co. the N. ¾ of N. E. ¼ Sec. 36, Bl. 4, H. & T. C. Ry. Co.

"Consideration: $1,500.00 as follows: $500.00 paid upon approval of title this day by check on the City National Bank of Eastland to be $1,000.00 additional sixty days from date hereof, with no interest on same. Upon payment of said $1,000 and delivery of said $500.00 check above on or before August 10, 1919, said royalty deed, also in escrow with a copy of this contract shall be delivered to Crawford.

"Abstract: to be furnished for examination, and Crawford has full ten days in which to have same examined. This deal to be closed only in event that title to said land is good and merchantable in W. H. Green, in the opinion of attorneys for Crawford who are to be exclusive judges of said title. If title proves defective and is not made merchantable, said $500.00 check to be returned to Crawford. If title is good and merchantable, and Crawford fails and refuses to pay said additional sum of $1,000.00 as herein stipulated, then said $500.00 to be paid Wilcox as liquidated damages herein.

Date: June 10, 1919.

"J. T. Wilcox,
"Frank Crawford.

"Witness:
"V. T. Seaberry."

Crawford alleged that at the time of the making of the above contract he paid to Wilcox the $500 called for in the contract, and that it was fully understood and agreed by the parties to the contract that in case Wilcox should for any reason fail or refuse to deliver a proper conveyance of the property Wilcox should return to him the $500 paid. He alleged his ability and willingness to discharge his part of the contract, and so noti-

fied Wilcox, but that Wilcox refused to comply with the terms of the contract, and refused to make proper conveyance of the property, and refused to return to him the $500 paid. Appellant answered by general demurrer and general denial. The case was tried without a jury, and the court rendered judgment for Crawford for $500, with interest.

Wilcox filed a motion for a new trial, which the court overruled to which ruling Wilcox excepted and gave notice of appeal. Appellant, upon the commencement of the trial on the 14th day of June, 1919, requested the court to make findings of fact before the entry of the court's judgment, which request the court refused to comply with, stating that he would make such findings after judgment, but not before.

The court made and filed findings of fact and conclusions of law. Briefly stated, the court found that the above contract was made and entered into by appellant and appellee; that said contract, together with a deed to said royalty, were placed in the First State Bank of Eastland, to be held in escrow; that on June 10, 1919, Crawford delivered to Wilcox, through V. T. Seaberry, his check on the City National Bank for $500; that Wilcox executed an assignment of his interest in said royalty to Crawford and that said assignment was placed with said contract and royalty deed and held in escrow by the First State Bank of Eastland; that prior to the 60-day period called for in the contract Crawford duly tendered his check for $1,000 to both the bank and Wilcox, and demanded the royalty deed; that said Bank refused to deliver any of the papers held by it; that at no time has appellant delivered said royalty deed to appellee; that appellee's check on the City National Bank for $500 was duly indorsed by appellant and marked paid by the bank.

[1] There is no merit in the second assignment complaining of the refusal and failure of the court to make and file his findings of fact and conclusions of law prior to the entry of judgment.

Article 2075, V. S., provides that the judge shall have 10 days after the adjournment at which the cause may be tried in such court in which to prepare his findings of fact and conclusions of law. The Legislature of this state has fixed the time within which the trial court in this state must make and file the findings of fact, and the courts have no power to require trial courts to perform that service earlier than the time fixed by the Legislature.

[2] The first assignment claims reversible error in entering judgment for appellee on the ground that there was no evidence to sustain the judgment, the evidence showing that appellee had paid appellant $500 for the execution of the assignment of appellant's interest, as called for in the above contract;

231 S.W.—70

the assignment having been executed on June 27, 1919.

The assignment of the interest by appellant to appellee referred to, reads:

"For and in consideration of the sum of $500.00 cash in hand paid me by Frank Crawford, the receipt whereof is hereby acknowledged, I, J. T. Wilcox, hereby assign and transfer my interest in the attached contract of sale in said five acres of royalty as described in said contract and royalty deed from W. H. Green and wife, so that said Crawford may pay the additional sum of $1,000.00 to be credited W. H. Green, and take up said contract, and be delivered said deed."

The assignment was signed by Wilcox and duly acknowledged. Crawford made tender of the $1,000, but the escrow holder of the royalty deed from Green and wife to Wilcox, under instruction from Green, refused to deliver to Crawford the Green royalty deed. Thereupon Crawford demanded of Wilcox the return to him of the $500 paid. This Wilcox refused to do. Wilcox's contention is that, having assigned his royalty interest to Crawford under the assignment contract, and Crawford, having appellant's interest in the five-acre royalty he had a right to compel Green and wife to convey, and therefore appellant had no right of recovery for the $500.

The interest Wilcox had is expressed in an executory contract with W. H. Green, Sr., and wife, of date April 7, 1919, in which Green and wife, for a consideration of $1 paid, and an additional $1,000 to be paid upon the acceptance of title, agreed to deliver a royalty deed to the undivided five-acre interest in 172 acres of land described. The royalty deed was executed by Green and wife and placed in escrow in the escrow bank, with the direction to the bank to deliver the deed to Wilcox upon the payment of the $1,000. Wilcox was to have 10 days in which to have his attorneys pass upon the title as certified by the abstractors of title when the $1,000 was to be paid to Green or paid to the escrow bank for Green. The title was passed upon by Wilcox on July 27, 1919, and was satisfactory, but the $1,000 was not tendered or paid to Green or the escrow bank until about the 10th day of August 1919. On July 21, 1919, Green wrote the bank to the effect that Wilcox's time within which he was to sell the property was up, and, if he had not then paid the $1,000, not to deliver the deed.

We have concluded that on the 10th day of August, 1919, Green having declared the option to Wilcox forfeited for the failure to pay the $1,000, Wilcox had no interest to convey, and that his assignment to Crawford was without consideration. The trial court was not in error in rendering the judgment, as claimed in the first assignment.

[3] The evidence is sufficient to sustain the court's finding that the $500 had been

paid by Crawford to Wilcox, as complained of in the third and fourth assignments.

The evidence is sufficient to sustain the court's finding, as complained of in the fifth assignment, that Crawford tendered payment of the $1,000 both to Wilcox and the escrow bank, and demanded the delivery of the escrow deed.

[4] There is no merit in the sixth assignment complaining of the court's conclusion of law that Crawford was entitled to recover of Wilcox the $500 paid, with interest from the date of its payment. Crawford had received no interest or title to the property sought to be conveyed to him under the assignment by Wilcox.

Finding no reversible error, the case is affirmed.